IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW WILLIAMS, | § | |
| #202400847, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-02026-E (BT) |
| | § | |
| DOES, ET AL., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff and Arkansas prisoner Matthew Williams filed a civil rights complaint against two unidentified "John Doe" officers of the Garland Police Department (GPD) and an unidentified "Jane Doe" Progressive Insurance agent (insurance agent). ECF Nos. 1, 5. Liberally construing his allegations, Williams claims that the GPD officers falsely arrested him after a vehicle hit his vehicle. ECF No. 5 at 6. He alleges that the insurance agent for the driver of the other vehicle refused to compensate him for the damage to his vehicle, at least in part because of false statements from the GPD police officers. ECF No. 5 at 6-7.

For the reasons below, the Court should dismiss Williams's federal claims with prejudice for failure to state a claim on which relief can granted under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and dismiss any state-law claims without prejudice to his ability to pursue them in state court unless he shows in timely objections to this recommendation that he could amend his complaint to state a plausible federal claim to relief.

**Legal Standards**

Williams's pleadings are subject to preliminary screening under 28 U.S.C. §
1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a
> complaint in a civil action in which a prisoner seeks redress from a
> governmental entity or officer or employee of a governmental entity
> [and] [o]n review, the court shall identify cognizable claims or dismiss
> the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be
> granted; or (2) seeks monetary relief from a defendant who is immune
> from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a
complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or
malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks
monetary relief against a defendant who is immune from such relief. 28 U.S.C. §
1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must
plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with
enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555.
"A claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

1. <u>Williams fails to state a claim against the GPD officers for false arrest or making false statements about the accident.</u>

Liberally construing Williams's allegations, he claims that the GPD officers unlawfully arrested him after a vehicle accident. But Williams's allegations are too vague and conclusory to state a plausible false arrest claim.

"[T]o state a § 1983 claim for false arrest/false imprisonment, [Williams] must plausibly allege that [the officer] 'did not have probable cause to arrest him.'" *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)). "A warrantless arrest must be based on 'probable cause.' Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000). "Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense stated at the time of arrest or booking." *District of Columbia v. Wesby*, 538 U.S. 48, 54 n. 2 (2018).

Williams omits crucial details about his arrest, which precludes a plausible false arrest claim. Williams does not explain why was arrested or what he was charged with. He mentions a speeding ticket (ECF No. 5 at 6), but it is unclear whether he was arrested for speeding or for something to do with an outstanding ticket. In either case, Williams provides no facts showing that the GPD officers

lacked probable cause to arrest him. Williams says that, after the accident, witnesses told the GPD officers that they witnessed an individual running from Williams's vehicle (ECF No. 5 at 6), but it is unclear what, if anything, that has to do with Williams's arrest. Williams's vague and conclusory allegations fail to state a plausible false arrest claim.

Williams also claims that the GPD officers made "false statements." ECF No. 5. Williams's allegations on this issue are too conclusory and vague to state a plausible claim. He does not describe the substance of the allegedly false statements, or what they concerned. There is no sign that the allegedly false statements resulted in criminal charges. The Court has located no authority suggesting that making false statements about a vehicle accident—at least when those statements do not result in a criminal charge—is a constitutional violation. Rather, "[a] number of courts have held that there is no constitutional right to an accurate police report." *A.J. ex rel. Dixon v. Tanksley*, 94 F. Supp. 3d 1061, 1071 (E.D. Mo. 2015) (citation omitted); *Landrigran v. Warwick*, 628 F.3d 736, 744 (1st Cir. 1980); *Lawrence v. City of St. Paul*, 740 F. Supp. 2d 1026, 1038-39 (D. Minn. 2010) ("[E]ven if police defendants knowingly inserted false information into their reports, [plaintiff] was not deprived of a constitutionally protected interest because of that false information, and thus she was not deprived of substantive due process."); *Jarrett v. Twp. of Bensalem*, 2008 WL 818615, at *3 (E.D. Pa. Mar. 26, 2008) ("The filing of a false police report is not itself a constitutional violation, even when the report is the result of an intentional

4

conspiracy among police officers to cover up police misconduct."); *Bailey v. Tricolla*, 1995 WL 548714 (E.D.N.Y. Sept. 12, 1995) ("The mere filing of false reports, by themselves and without more, [does] not create a right of action in damages under 42 U.S.C. § 1983.").

Accordingly, Williams fails to state a claim against the GPD officers.

2. <u>The insurance agent is not a state actor, so any § 1983 claims against her should be dismissed</u>.

Williams also appears to sue the insurance agent under § 1983. However, this claim must be dismissed because he fails to allege that she acted under color of state law.

To state a claim under § 1983, the plaintiff must allege facts showing, not only that the defendant violated the Constitution or federal law, but that the defendant was acting under color of state law while doing so. *Wilson v. Dallas Cnty. Hosp. Dist.*, 715 F. App'x 319, 323 (5th Cir. 2017). "'Under color of state law' excludes from its reach purely private conduct, no matter how discriminatory or unlawful." *Blakely v. Andrade*, 360 F. Supp. 3d 453, 491 (N.D. Tex. 2019) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "Therefore, a Section 1983 claim must be brought against a state actor, not a private citizen." *Myers v. Coker*, 2023 WL 7712840, at *3 (W.D. La. Nov. 15, 2023) (citing *Bogus v. Harris Cnty. Dist. Att'y*, 2019 WL 5294320, at *2 (S.D. Tex. Oct. 17, 2019)). Williams does not allege facts showing that the insurance agent acted under color of state law, so any § 1983 claims against her must be dismissed.

3. <u>The Court should decline to exercise subject matter jurisdiction over state-law claims</u>.

It is unclear whether Williams seeks to sue the insurance agent under state law for denying his insurance claim. To the extent that he wishes to pursue state-law claims, the court has supplemental jurisdiction over state-law claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Yet, the Court may choose to decline to exercise supplemental jurisdiction if:

(1)   the claim raises a novel or complex issue of state law;

(2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3)   the district court has dismissed all claims over which it has original jurisdiction; or

(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367.

According to the Fifth Circuit, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal claims are eliminated before trial[.]" *Brookshire Brothers Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (citing *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)); *see also Parker v. Parsley Petroleum Co. v. Dresser*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)) ("Our general rule is to dismiss state claims when the federal

claims to which they are pendant are dismissed."). The Court's decision to exercise supplemental jurisdiction is guided "by both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience fairness, and comity." *Batiste*, 179 F.3d at 227 (citations omitted) (citations omitted).

Here, the balance of factors weighs against exercising supplemental jurisdiction over any state-law claims. First, judicial economy is best served by declining to exercise supplemental jurisdiction because the case is still at an early stage. Second, the convenience factor weighs against supplemental jurisdiction because the parties will not have to perform any burdensome or redundant work to litigate in state court. Comity also weighs against supplemental jurisdiction because the state courts "often have superior familiarity with their jurisdictions' laws." *Briley v. Barreca*, 2021 WL 269767, at *4 (E.D. La. Jan. 27, 2021) (citation omitted). Finally, the fairness factor, which concerns the prejudice from having to litigate in state court, weighs against supplemental jurisdiction because the statute of limitations on Williams's state-law claims remains tolled while the case is pending in federal court and for 30 days following dismissal. *See* 28 U.S.C. § 1367(d); *Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018).

Thus, assuming the Court agrees that Williams's federal claims should be dismissed, it should decline to exercise supplemental jurisdiction over any state-law claims.

## Leave to Amend

The ability to file objections to this recommendation (further explained below) permits Williams to explain how he could cure the deficiencies identified above in an amended complaint and thus show that the Court should grant leave to amend rather than dismissing this case. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.") (citations omitted)). But if Williams fails to show through timely objections that leave to amend should be granted, the Court should dismiss his federal claims with prejudice.

## Recommendation

Unless Plaintiff Matthew Williams satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible federal claim, the Court should dismiss his federal claims with prejudice under 28 U.S.C. §§ 1915(A) and 1915(e)(2)(B) and should dismiss his state-law claims without prejudice to his ability to pursue them in state court.

SO RECOMMENDED.

September 16, 2024.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

8

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).